Willard Bostick v. Commissioner.
Bostick v. Commissioner
Docket Nos. 78414, 83543.
United States Tax Court
T.C. Memo 1960-283; 1960 Tax Ct. Memo LEXIS 6; 19 T.C.M. (CCH) 1560; T.C.M. (RIA) 60283; December 30, 1960
*6 Willard Bostick, pro se, Box 9071, Maple Heights, Ohio. Paul J. Weiss, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined deficiencies in income tax of $731.43 and $701.74 for the calendar years 1957 and 1958, respectively. The issues presented for decision are: (1) Whether the petitioner reported all the income he received during the taxable years 1957 and 1958; (2) whether the petitioner is entitled to certain deductions claimed in 1957 and all the itemized deductions claimed for the year 1958; and (3) whether the petitioner is entitled to more than three dependency exemptions in 1958. Findings of Fact The petitioner, Willard Bostick, is single and resides in Bedford, Ohio. He filed his income tax returns for the taxable years 1957 and 1958 with the director of internal revenue at Cleveland, Ohio. Petitioner received earnings from The S. K. Wellman Company in 1957 in the amount of $6,561.58. On his income tax return for that year petitioner reported earnings of $2,438.58. He claimed as itemized deductions on his 1957 income tax return: $45,000 "Spare Time value equal to two Judges" *7 and $100,000, "Bad Debt, $1.00 at least charged to all Government [Government] employee's (each) 2 Million People… Bad Debt." In 1958 petitioner received earnings of $5,746.17 from The S. K. Wellman Company. On his income tax return for 1958 he reported taxable income of $1,918.59 from that source. As itemized deductions he claimed a total amount of $102,384.60 which included the following: $550, "App. 11% of Total Tax paid interest on Debt. Only about 36 Billion Dollars in cirulation [circulation]. Revenue collected app. 80 Billion. Evident all I spent went for Tax directly or indirectly at least once. As I spent about $5000.00 then $5000.00 x 11%"; $100,000, "Part Damage, Caused by Revenue Service - Bad Debt"; $859.60, "safety Equipment, Tools, Uniforms, Etc."; $1,000, "No Refunds From Revenue 1933-1957 Bad Debt"; $275, "Damage - Auto Wreck - no insur. Sold for junk"; $700, "Trailer office Exspence [Expense] - office to write Revenue". The petitioner claimed four exemptions for dependents on his 1958 return but listed eight persons as dependents. The respondent allowed exemptions for petitioner, his son, Douglas, and his sister, Thelma. Ultimate Findings Petitioner *8 received taxable income from The S. K. Wellman Company in 1957 and 1958 of $6,561.58 and $5,746.17, respectively. Petitioner is not entitled to the itemized deductions of $45,000 for "Spare Time value equal to two Judges" and $100,000 as "Bad Debt" claimed in 1957 or the itemized deductions aggregating $102,384.60 claimed in 1958. Opinion As has been said so often, the burden of proving the respondent's determinations to be in error rests with the petitioner. In this case the petitioner conducted the trial himself and was the only witness. With all due sympathy and charity for the petitioner's efforts, we can only conclude that he has failed utterly to carry his burden. The amounts received by the petitioner from his employer are undisputed. The petitioner claims, however, that he was greatly overpaid and that something over half of what he received was, as stated on his return, "a Loan, Damages, Sick Pay, Gift, Oil Royal, Interest, For Church, Etc.", and so not taxable. There is nothing in the record other than the petitioner's own unsupported statement to give credence to the claim and it must be denied. So far as the itemized deductions are concerned, their bare restatement *9 in our findings of fact is enough to demonstrate their lack of substance. There is no provision in the internal revenue laws which would authorize their allowance. The respondent has allowed the petitioner the optional standard deduction in lieu of the itemized deductions. The record here lacks any factual basis for upsetting this allowance. On the issue of claimed exemptions for dependency, the record contains not a jot or tittle of substantiating evidence. The petitioner argues that the provisions of the Code which provide for dependency exemptions are invalid since the exemptions are demonstrably worth more dollar-wise to some taxpayers than to others, depending on the tax bracket of the taxpayer and the ages and needs of the children. This argument is without merit. Even if valid, it would not aid the petitioner. In the absence of any evidence with regard to additional dependents, the respondent's allowance of three exemptions is sustained. We uphold the respondent's determinations. Decision will be entered under Rule 50 in Docket No. 78414. Decision will be entered for the respondent in Docket No. 83543.